UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BRYANT A. COOK, )
)
    Plaintiff, )
v. ) No. 1:07-cv-97
)
JEFFREY M. BRANDT, ) Judge Mattice
)
)
    Defendant. )

## MEMORANDUM AND ORDER

Bryant A. Cook ("Cook"), a *pro se* federal prisoner, has filed a civil complaint alleging that his former attorney, Jeffrey M. Brandt ("Brandt"), committed legal malpractice by failing to timely file an appeal from the denial of his 28 U.S.C. § 2255 motion for post conviction relief, despite the fact that the district court granted Cook a certificate of appealability as to one of his § 2255 claims (Court File No. 3).

Brandt has filed a motion to dismiss the complaint with prejudice on several grounds under Fed. R. Civ. P. 12(b)(1) and (6) (Court File No. 7). Plaintiff has filed a response and a request for the Court to consider additional documents before ruling on the Defendant's motion to dismiss (Court File No. 9). Accordingly, since the Court will consider documents outside the pleadings, specifically the documents attached to Cook's response (Court File No. 9), the Court will treat this motion as a motion for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).[1]

---

[1] As a general rule, when a district court converts a Rule 12(b) motion to dismiss to a motion for summary judgment under Fed.R.Civ.P. 56, the court provides notice to the parties and affords the parties an opportunity to respond. It is not necessary to do so in this case, however, since non-movant Cook has filed a response to Brandt's motion to dismiss and Cook requests the Court to consider additional documents he attaches to his response. *See Shelby County Health Care Corporation v. Southern Council of Industrial Workers Health and Welfare Trust Fund*, 203 F.3d 926, 932 (6th Cir. 2000) (although the district court did not provide notice to the parties that it was going to treat the defendant's motion to dismiss as a motion for

After reviewing the record, the Court concludes that summary judgment is warranted on the ground that the complaint is time-barred since it was filed subsequent to the expiration of the one-year statute of limitations. It is not necessary for the Court to consider Brandt's other grounds for dismissal or reach the merits of the complaint (Court File No. 7).[2] For the following reasons, the Court will **GRANT** Brandt's motion to dismiss or motion for summary judgment (Court File No. 7).

I.  STANDARDS OF REVIEW

   A.  *Pleadings*

*Pro se* pleadings filed in civil rights cases are liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). *Pro se* status does not, however, exempt the plaintiff from the requirement that he

---

summary judgment, the district court did not abuse its discretion "[b]ecause the parties both submitted numerous exhibits fully addressing the Fund's argument for dismissal, they had sufficient notice that the district court could consider this outside material when ruling on the issues presented in the Fund's motion to dismiss and could convert it into a motion for summary judgment under Fed.R.Civ.P. 12(b)."); *Salehpour v. University of Tennessee*, 150 F.3d 199, 204 (6th Cir. 1998) (the district court did not abuse its discretion in considering matters outside the pleadings and converting defendants' motion to dismiss into one for summary judgment without notice to plaintiff where plaintiff had eleven months to respond and did respond to the motion to dismiss with over two hundred pages of materials).

[2] The Court observes that although Plaintiff pleaded 28 U.S.C. § 1331, federal question jurisdiction, in his complaint, the Clerk inadvertently docketed the case as a prisoner's civil rights action under 42 U.S.C. § 1983, and in its initial order, the Court inadvertently referred to it as such a case, it is clear that Plaintiff's *pro se* complaint is not a civil rights action under 42 U.S.C § 1983. Rather, as reflected in the style and body of his complaint and as is asserted in his response to the motion for summary judgment, it is a legal malpractice case and federal jurisdiction is based diversity of citizenship with an amount in controversy of $75,000.00 or more under 28 U.S.C. § 1332.

comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981).

*Pro se* plaintiffs must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal for *pro se* pleadings, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. *Summary Judgement*

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.,* 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the record contains sufficient evidence from which an objectively reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Cook filed a *pro se* motion under 28 U.S.C. § 2255 in this Court on or about October 11, 2000. *See Cook v. USA*, Civil Action No. 1:00-cv-342 (E.D. Tenn. Aug. 5, 2005). While his § 2255 motion was pending, Cook entered into a contract with Brandt on or about March 15, 2005, hiring Brandt to represent him in the § 2255 proceeding. The contract of employment expressly provided that the agreement only "covers the law firm's work concerning the motion and action under 28 U.S.C. § 2255 filed in the district court and that if further litigation or action is necessary after the conclusion of the motion (the final decision of the district court on the action filed), an additional flat fee will be necessary for further work." (Court File No. 3, Exhibit D).[3]

---

[3] There is no evidence before the Court reflecting that any additional fee was paid for further work. Indeed, the record reflects that only the original contractual amount of $9,500.00 was paid (Court File No. 3, pp. 3-6).

After the Court rendered its opinion and dismissed the § 2255 motion, Brandt filed, on Cook's behalf, a motion for reconsideration, *see United States v. Cook*, Civil Action No. 1:00-cv-342 (Court File No. 48) and a motion for an extension of time in which to file a notice of appeal (Court File No. 49) both of which the Court denied by an Order entered on February 8, 2006 (Court File No. 53). Brandt subsequently filed, on Cook's behalf, a motion to alter the Court's February 8, 2006, Memorandum and Order (Court File No. 54) which the Court denied (Court File No. 55). Brandt appealed the decision denying the motion for reconsideration but did not appeal the denial of the motion requesting an extension of time in which to file a notice of appeal (Court File No. 56). The Sixth Circuit concluded that the appeal of the denial of the § 2255 motion was untimely (Court File No. 58). The Sixth Circuit decided that the district court did not err in denying Cook's motion to alter judgment (Court File No. 59).

In sum, the district court entered its denial of Cook's § 2255 motion on August 8, 2005, but Brandt failed to file a timely notice of appeal which was due on October 7, 2005.[4] Any Fed.R.App.P. 4(a)(5) motion for an extension of time in which to file a notice of appeal was due no later than November 7, 2005. Defendant filed a motion for extension of time to file a notice of appeal on November 4, 2005, but the Court, referring to August 5, 2005, as the date judgment was entered dismissing Cook's § 2255 motion, when in fact the judgment was entered on August 8, 2005, denied that motion, finding that it did not have any authority under Fed. R. App. P. 4(a)(5) to enlarge or extend the deadline of November

---

[4] Defendant filed, on Plaintiff's behalf, identical notices of appeal on November 4, and November 16, 2005, seeking to appeal the decision entered by the district court on August 8, 2005.

3, 2005, for Plaintiff to file his motion for extension of time (Court File No. 53).[5] Unfortunately, that error was not brought to the district court's attention nor appealed to the Sixth Circuit. Counsel only appealed the portion of the district court's decision denying the motion for reconsideration (Court File No. 56). Ultimately, the Sixth Circuit dismissed the appeal of the district court's denial of his § 2255 motion[6] concluding it was untimely under Rule 4 of the Federal Rules of Appellate Procedure.

On March 6, 2006, Cook wrote Brandt identifying Brandt's failure to file a timely appeal as one of several reasons for terminating him from further representation in his § 2255 matter. In this letter, Cook requested a full refund of fees. Cook additionally authored two more letters making the same request, the last letter was written on November 7, 2006 (Court File No. 9, Exhibit 4). Cook filed the instant lawsuit on or about April 27, 2007.[7]

## III. ANALYSIS - STATUTE OF LIMITATIONS

Brandt argues that Cook's legal malpractice claim is barred under Tennessee's one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(2). Brandt contends that any

---

[5] It appears that the November 4, 2005, motion for an extension of time to file a notice of appeal was timely, as the district court's order dismissing the § 2255 motion was entered on August 8, 2005, not August 5, 2005, the date upon which the district court relied when finding the November 4, 2005, motion time-barred. However, it does not appear that Defendant appealed that ruling to either the district or appellate courts.

[6] The district court granted Cook a certificate of appealability on his claim that, in light of the decision in *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), the district court committed plain error when it sentenced him to life imprisonment under 21 U.S.C. § 841(b)(1)(A) for cocaine base ("crack") based upon a general jury verdict.

[7] A motion filed by a prisoner is deemed to have been filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988); See Rule 4(c) Fed. R. App. P. Although Plaintiff has failed to submit any proof of the date he gave his complaint and *in forma pauperis* application to prison authorities, the envelope reflects it was mailed on April 27, 2007. Therefore, the complaint is deemed filed on that date. *In re Sims*, 111 F.3d at 47, *citing Houston v. Lack*, 487 U.S. at 270-71.

acts of alleged legal malpractice occurred by November 4, 2005, when he moved for an extension of time in which to file an appeal or no later than February 8, 2006, when the district court denied the motion for an extension of time to file a notice of appeal and Brandt notified Cook of that denial (Court File No. 7, p. 5). Therefore, Brandt argues that Cook's cause of action for legal malpractice accrued on or about February 10, 2006, and the statute of limitations for this legal malpractice claim expired on or about February 9, 2007.

Cook contends that because the contract provides that "[t]he parties agree to attempt to resolve all disputes arising out of this agreement or the promises and duties related to this agreement in good faith before taking legal action [,]" (Court File No. 3, Exhibit D), the statute of limitations should be tolled. In support of his position, Cook asserts that he wrote Brandt three letters (one on March 6, 2006,[8] one on an unidentified date, and the last one on November 7, 2006), requesting a full refund of the attorney's fees paid to Brandt for representing Cook in his § 2255 proceeding (Court File No. 9, Exhibit 4). Cook's ground upon which he seeks equitable tolling is not supported by fact or law.

Initially, the Court observes that the contract provides that the agreement is governed by the laws of the State of Ohio (Court File No. 3, Exhibit E). However, the contract is limited to representation in the district court unless other arrangements are made to continue the attorney-client relationship. Although Brandt filed a motion for an extension of time in which to file an appeal, which indicates other arrangements were made, he argues Tennessee law in his motion to dismiss. The Court is thus unable to

---

[8] In this letter, Cook discharged Brandt as his attorney.

determine whether the parties were operating under the contract during the time in which a notice of appeal should have been filed. Nevertheless, under both Ohio and Tennessee law, the statute of limitation for a legal malpractice claim is one year. Ohio Rev. Code § 2305.11(A); Tenn. Code Ann. § 28-3-104(a)(2).

"Under Ohio law there is a one-year limitations period for malpractice actions, and an action for legal malpractice accrues and the statute of limitations begins when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Simon v. Nadler, Nadler, & Burdman Co., L.P.A.,* 142 Fed.Appx. 894, 895 (6th Cir. Aug. 3, 2005), *available at* 2005 WL 1869518, at *2. Similarly, the Supreme Court of Tennessee has held that a legal malpractice action accrues when a plaintiff suffers an actual injury as the result of a defendant's negligence and the plaintiff must know that the injury was caused by defendant's negligence. *Carvell v. Bottoms*, 900 S.W. 2d 23, 28-30 (Tenn. 1995), *Honeycutt v. Wilkes, McCullough & Wagner*, No. W2007-00185-COA-R3-CV, 2007 WL 2200285, *6 (Tenn.Ct.App. Aug. 2, 2007) ("[I]n Tennessee, the statute of limitations begins to run when an injury occurs, even if an adverse judgment has yet to be rendered."), *perm. app. denied*, (Dec. 26, 2007).

There can be no doubt that Cook was aware that Brandt had not protected his right to file a appeal from the denial of his § 2255 motion when he authored the letter to Brandt on March 6, 2006, firing him for, among other reasons, untimely filing a notice of appeal

(Court File No. 9, Exhibit 4). Construing the facts in the light most favorable to Cook, the date of the letter terminating the attorney-client relationship is the date on which any legal malpractice claim accrued. The statute of limitations for filing the instant complaint for legal malpractice expired no later than March 6, 2007. Consequently, as explained *infra*, Cook's instant complaint, which was filed on April 27, 2007, is time-barred since it was filed after the one-year statute of limitations expired. Cook has failed to present any facts or proof that would warrant tolling the one-year statute of limitations.

Cook's argument that the statute of limitations should be tolled while he attempted to obtain a refund of the attorney's fees paid to Brandt is unavailing. "[T]he tolling of the statutory periods on equitable grounds is usually very much restricted." *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28 (6th Cir. 1987) (citations omitted). Additionally, to toll the statute of limitations, a plaintiff must demonstrate that a defendant directly and expressly delayed the plaintiff from filing his claim before the deadline. *See Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979) (during voluntary negotiations, employer assured employee it was investigating her claim and the delay would not prejudice her claim); *cf. Steiner v. Henderson*, 354 F.3d 432, 436-37 (6th Cir. 2003) (tolling was not appropriate since the defendant did not specifically discourage plaintiff from filing an EEOC claim or mention the filing deadline). As discussed below, Cook has not demonstrated Brandt delayed him from filing a timely complaint.

Cook has not cited, nor is the Court aware of, any reported Ohio or Tennessee legal authority which permits the accrual of a legal malpractice claim to be delayed when a

defendant's conduct creates a present injury that *might* be remedied by a future event.[9]

To the contrary, the Tennessee Supreme Court has held that "[a] plaintiff may *not*, of course, delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff." *John Kohl & Co., P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532-33 (Tenn. 1998) (emphasis added). Likewise, Ohio does not require a plaintiff to be aware of the full extent of the injury caused by the attorney's action or non-action. Rather, it is sufficient that "some noteworthy event which would have alerted a reasonable person that he or she had been appreciably and actually damaged as the result of a 'questionable legal practice.'" *Gullatte v. Rion*, 763 N.E.2d 1215, 1221 (Sept. 8, 2000).

Ohio also recognizes the doctrine of equitable estoppel to toll the statute of limitations. To prevail on such a claim, a plaintiff must prove: "(1) the defendant made a factual misrepresentation, (2) that is misleading, (3) that induces actual reliance that is reasonable and in good faith, and (4) that it caused detriment to the relying party." *Heskett v. Paulig*, 722 N.E.2d 142, 146 (Ohio App. 3 Dist. 1999).

Likewise, Tennessee also recognizes that the doctrine of equitable estoppel tolls the running of the statute of limitations when in reliance on a statement or act by the defendant during the applicable limitations period, the plaintiff fails to file suit within the limitations period. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d 141, 146 (Tenn. 2001). In such a situation, the plaintiff has either actual or constructive knowledge of an injury, but the defendant's subsequent conduct prevents the plaintiff from filing suit in time. *Id.* "Statements or

---

[9] Ohio Rev. Code § 2305.16 sets forth two disabilities that toll statutes of limitations: being within the age of minority and being of unsound mind. *Seguin v. Gallo*, 486 N.E.2d 1270, 1271 (Ohio App., 1985). Neither of these are applicable in this case.

conduct that support an estoppel claim include representations, made prior to the expiration of the limitations period, that the defendant either would not assert a statute of limitations defense or that the dispute would be amicably resolved without filing suit." *Ingram v. Earthman*, 993 S.W.2d 611, 633 (Tenn.Ct.App. 1998).

In order to successfully assert the equitable estoppel doctrine to toll the statute of limitations in this case, Cook must show that Brandt knew or should have known that his conduct would induce Cook to delay filing suit, that Cook's reliance on this conduct was reasonable, and that Cook's delay was not unreasonable or due to lack of diligence. *Hardcastle v. Harris*, 170 S.W.3d 67, 81 (Tenn.Ct.App. 2004). The Court finds that in the case at bar, Cook has not carried his burden of demonstrating these things.

Although the employment contract provided that the parties should attempt to resolve disputes arising out of the agreement in good faith before taking legal action and Cook did so, Cook was aware, well before the expiration of the one year statute of limitations, that Brandt was not going to resolve this "dispute." Cook did not receive any response from Brandt. Specifically, Cook did not receive a response to his March 6, 2006, correspondence, nor to a second letter that he wrote, nor to his November 7, 2006 letter to Brandt wherein he stated: "[t]his is now my third and final attempt to try to resolve this matter." (Court File No. 9, Exhibit 4). Consequently, there is no evidence that Brandt engaged in any conduct which induced Cook to delay filing suit.[10] Rather than immediately filing his complaint alleging legal malpractice, however, Cook waited five

---

[10] While reliance on the terms of the employment contract providing for good faith resolution of this dispute may have been reasonable after Cook did not receive a response to his March 6, 2006 correspondence, continuing such reliance was clearly unreasonable after he did not receive a response to his November 7, 2006 correspondence.

months after writing his final letter before commencing this lawsuit. There is no evidence before the Court suggesting that Cook's delay in filing suit until after the expiration of the one-year statute of limitations was reasonable. Consequently, the doctrine of equitable estoppel cannot toll the one-year statute of limitations.

In summary, the statute of limitations for this legal malpractice action accrued no later than March 6, 2006, when Cook authored the correspondence firing Brandt. The circumstances in this case do not warrant tolling of the statute of limitations. Accordingly, Cook's complaint, which was filed on April 27, 2007, is time-barred since it was filed more than one month after the expiration of the March 6, 2007 deadline.

## IV. CONCLUSION

Having considered both parties' pleadings together with the exhibits, and for the above described reasons, the Court finds the complaint is time-barred and, therefore **GRANTS** Brandt's motion to dismiss or for summary judgment (Court File No. 7). Cook's complaint shall be **DISMISSED WITH PREJUDICE** (Court File No. 3). The Clerk of Court shall enter judgment in favor of defendant Brandt consistent with this memorandum opinion and order.

SO ORDERED.

ENTER this the 27th day of March, 2008.

                                                    /s/Harry S. Mattice, Jr.
                                                    HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE